JOSEPH WILKINS COOCH, EXECUTOR OF NATHAN H. CLARK, Deceased,

vs.

FANNIE CLARK, MARY KENNEDY, RIDGWAY LEEDOM, SALLIE C. LOBB, ELVIRA H. PANCOAST, MARY ANDERSON, MARY LOWNDES, AND MARY LOWNDES, ASSIGNEE OF THE HEIRS OF ANDREW J. LOWNDES, deceased, C. CARROLL CLARK, ABBIE L. CLARK, MARY J. CLARK, HENRY C. TAYLOR, CHARLES E. TAYLOR, AND ELIZABETH C. CLARK.

*New Castle, March T.* 1899.

A testator bequeathed to his brother M. C. for life, the rents of certain real estate, and dividends on stock in the C. & F. Bank and the U. Bank of B. He further provided that after the death of M. C. the C. & F. Bank stock should be given to A. L. and that the U. Bank stock should "be sold and the proceeds go to the general fund of my estate." There were pecuniary legacies of various amounts, all of the legatees with two exceptions being among the testator's next of kin, one of the two exceptions being that a legacy was bequeathed to E. C., wife of his brothe M. C., "should she survive him." A. L. died two days before the death of the testator. E. C. survived her husband M. C. The testator directed that if the proceeds of sale of his property were insufficient to pay the legacies in full, they should be paid *pro rata*, and if such proceeds exceeded the amount of the legacies, the surplus should be divided *pro rata*. The amount realized was insufficient to pay the legacies, and E. C. received none of the first distribution, which was made while her husband M. C. was still living. *Held:*

1. That the legacy to A. L. lapsed, and as to the stock bequeathed to him the testator died intestate.

2. That the executor should pay the proceeds of sale of the stock so bequeathed to A. L., to and among the next of kin of the testator, in accordance with the intestate laws of this State.

3. That E. C., widow of M. C., was entitled to a *pro rata* share based upon all money which had been or would be distributed to the legatees after payment of specific bequests, whether the same came into his hands for distribution before or since the death of M. C.

BILL BY AN EXECUTOR FOR INSTRUCTIONS.—This was a bill for instructions filed by the complainant as executor of

Nathan H. Clark, deceased, to obtain the construction of his will. The original bill was filed May 3, 1898, and separate answers of several of the respondents had been filed, when the complainant presented a petition for leave to amend his bill without requiring any further answer from the respondents who had already answered.

The amended bill was filed November 23, 1898. It alleged the death on March 18, 1892, of Nathan H. Clark and the execution of his will bearing date March 9, 1892.

Inasmuch as the complainant was at the time the Register of Wills for New Castle County, the will was proved, under the statute in that behalf, in the Orphans' Court of that County and letters testamentary were thereupon granted to the complainant.

The testator devised a house, number 230 South 40th Street, in the City of Philadelphia, to his brother Moses Clark for life, but subject to two mortgages, one of two thousand dollars and one of five hundred dollars, both of which the executor was directed to pay off and satisfy in full out of any money in his hands. At the death of his brother the testator did "will and bequeath" the said house to his nephew, Nathan H. Clark, Junior, "and he to pay to my sister Sarah Phipps the sum of one thousand dollars as soon as he can do so."

The Ninth, Tenth and Eleventh items of the will were as follows:

"Item 9.—It is my will that the rents from my warehouse, corner of Bowlys Wharf and Wood Street, in the City of Baltimore, shall be paid to my brother Moses Clark, during his life, together with the dividends on my stock in the Commercial and Farmers' National Bank and the National Union Bank of Baltimore.

"Item 10. It is my will that at the decease of my brother Moses Clark, the stock aforesaid, of the 'Commercial and Farmers' National Bank' of Baltimore shall be given to my friend Andrew J. Lowndes of Baltimore, and the stock aforesaid of the 'National Union Bank' of Baltimore to be sold and the proceeds go to the general fund of my estate.

"Item 11. I will and bequeath to the five children of the late Levi G. Cooch, four hundred shares of the Farmers and Planters National Bank of Baltimore, two hundred shares of the Baltimore and

Reisterstown Turnpike Company of Maryland, and at the death of my brother Moses Clark, the warehouse at the corner of Bowlys Wharf and Wood Street in the City of Baltimore, share and share alike.''

There were pecuniary legacies, as follows:

| | |
|---|---|
| To testator's niece, Fannie Clark.......... | $1500 |
| To testator's friend, Mary Kennedy....... | 4000 |
| To the four children of testator's deceased sister, Elvira M. Leedom, each............. | 500 |
| To the three grandchlidren of testator's brother, Joseph R. Clark, deceased, each... | 500 |
| To two nephews, Henry and Charles Taylor, children of a sister, Mary A. Taylor, each.. | 500 |
| To testator's sister-in-law, wife of his brother Moses, should she survive him............ | 1000 |

The testator further provided:

''Should the money derived from the sale of my property herein directed, be insufficient to defray the several bequests named (after payment in full of the specified mortgages and expenses attending the settlement of my estate) then my Executor shall pay the said bequests of money in proportion to the amounts bequeathed to each.

''Should the proceeds of such sales exceed the sum total of such gifts then I will that such residue or surplus shall be divided among the said legatees in like proportion.''

The testator's brother Moses died May 16, 1897, leaving to survive him his widow, Elizabeth C. Clark, one of the respondents.

Andrew J. Lowndes died March 16, 1892, two days before the death of the testator, leaving to survive him a widow, Mary Lowndes, and certain children, all of whom had assigned whatever interest they might have in the bequest in Item 10, to their mother, the said Mary Lowndes.

The executor had proceeded with the settlement of the estate so far as to pass his first account, had paid or turned over to the legatees all specific legacies or bequests, and had distributed the balance remaining in his hands under his first account, amounting to $1,672.49, to and among the pecuniary legatees, *pro rata*. No portion thereof was paid to Elizabeth C. Clark, wife of Moses Clark, because the said Moses

Clark was then living, not having died until the sixteenth day of May, A. D. 1897, and the legacy of One Thousand Dollars was to be paid to her only in the event that she should survive him.

The complainant, after setting forth this distribution, further stated:

"That there now remains in his hands belonging to the estate of the said Nathan H. Clark, deceased, twenty-one shares of the Commercial and Farmers National Bank of Baltimore, and sixty shares of the National Union Bank of Baltmore, and Three Hundred and Ninety-nine Dollars and Fifty-three Cents in cash, having already paid to the said Elizabeth C. Clark, since the death of Moses Clark, and out of the proceeds of seven shares of the National Union Bank already sold the sum of Three Hundred Dollars as part of her *pro rata* share of said Bank stock or the proceeds thereof."

The bill further set forth, with much detail, the conflicting claims of the different persons interested in the estate of the testator and the difficulties in the settlement of the estate caused by the death of Andrew J. Lowndes and the question arising thereupon whether the legacy to him had lapsed. Other difficulties arose in the settlement of the estate with respect to the claims of Elizabeth C. Clark arising out of the legacy to her of one thousand dollars to be paid to her only in the event that she should survive her husband.

The complainant having failed to reconcile the conflicting claims made upon him as executor, and not knowing how to perform his duty as such, sought, by his bill, the instruction of the Court with respect to the distribution of the money and property remaining in his hands.

He still held twenty-one shares of the stock of the Commercial and Farmers' National Bank of Baltimore and sixty shares of the National Union Bank of Baltimore, having sold seven of the latter, and he tendered himself ready to dispose of and distribute the said stocks among the parties entitled as the Court might direct.

It appeared that when the said bank stocks should be sold, the amounts realized therefrom, together with all money or other property coming into the hands of the executor from

any other source, belonging to the estate, would not be sufficient to pay all the legacies of money.

The answer of Mary Lowndes denied that the legacy to her husband had lapsed, but she claimed that the sum was due and payable to her as the legal representative of her husband.

The separate answers of Fannie Clark and Mary Kennedy denied that the respondent Mary Lowndes, as widow and assignee of the heirs of her husband, was entitled to the twenty-one shares of the Commercial and Farmers' National Bank of Baltimore, or the dividends accruing thereon, or the proceeds of sale of said stock or any part thereof, and claimed that the legacy to Andrew J. Lowndes had lapsed and that the stock or the proceeds thereof should be distributed either among the legatees named in the will or among the heirs of the testator as intestate property.

These respondents also denied that Elizabeth C. Clark was entitled to a *pro rata* share in any funds coming into the hands of the complainant for distribution before the death of her husband, Moses Clark, but that she was only entitled to her *pro rata* share of such property or the proceeds thereof as came into the hands of the complainant for distribution after the death of Moses Clark.

Elizabeth C. Clark filed her petition on November 23, 1898, stating that she was advised that if the Court should hold that the bequest to Andrew J. Lowndes, having lapsed, should go to the next of kin, she as administratrix of Moses Clark, brother of the testator, would be entitled to one-seventh part thereof. She, therefore, prayed that she might be joined as a respondent and have leave to file an answer making such claim, which she accordingly did, as administratrix of Moses Clark, deceased.

Elizabeth C. Clark also, as one of the original respondents, in her own right, filed her answer claiming that there should be no doubt or hesitation in the mind of the complainant as to the distribution of the proceeds of the stock bequeathed to Andrew J. Lowndes inasmuch as it was clear that the bequest lapsed and became a part of the residue dis-

tributable to the legatees. She also claimed that there ought to be no doubt as to her right to share in the distribution in such funds as were applicable to the pecuniary legatees, inasmuch as there was no distinction made in the will among the legatees, and no special fund was designated out of which any one of them should be paid. The said respondent also claimed that the action of the executor in excluding her from the distribution of the cash balance shown by his first account was illegal and without warrant, and should not prejudice her rights nor raise any doubt as to her equal share in the distribution of the entire estate.

The bill does not specifically state who were the heirs at law or next of kin of the testator, but it appears from the pleadings that all of the pecuniary legatees, except Mary Kennedy and Elizabeth C. Clark, were also among the testator's next of kin, but the latter was interested both as claiming the legacy of one thousand dollars left to her if she should survive her husband and also as the administratrix of her husband, who, as the testator's brother, was entitled to a share of any intestate property.

The case came to a hearing on March 27, 1899, on bill and answers.

*Charles B. Evans*, for the complainant, stated the facts in the case, the provisions of the will and what had been done by the executor with respect to the settlement of the estate, all of which appears fully in the foregoing statement.

He did not take part, as representing the complainant, in the discussion as to the final distribution, with respect to which the executor submitted himself to the decision of the Court, without any desire or disposition to discriminate between the respective claimants.

The questions raised by the pleadings, with respect to the construction of the will and the instructions to be given to the executor, were, as follows:

First:—Did the legacy of twenty-one shares of the stock of the Commercial and Farmers National Bank of Baltimore to Andrew J. Lowndes lapse by the death of the said Andrew.

J. Lowndes which occurred prior to the time of the death of the testator, Nathan H. Clark.

Second:—If said legacy lapsed, should the Executor distribute the money arising from the sale of said stock and from the dividends accruing thereon, since the death of Moses Clark, to and among all the legatees named in the said last will and testament, in proportion to the amounts bequeathed to each, as directed in Item Fourteen of said last will and testament or did the said Nathan H. Clark die intestate as to the said stock of the Commercial and Farmers' National Bank and should the proceeds arising from the sale thereof and the dividends accruing thereon as aforesaid be distributed to and among the next of kin of the said Nathan H. Clark in manner prescribed by the statutes of the State of Delaware made and provided in cases of persons dying intestate.

Third:—Should the executor, after the payment or satisfaction of all specific bequests, pay to Elizabeth C. Clark, widow of Moses Clark, deceased, a *pro rata* share based upon all money which has come or will come into his hands, as such executor, for distribution among the legatees named in said last will and testament, whether the same came into his hands and was distributed before or since the death of Moses Clark, or is the said Elizabeth C. Clark only entitled to a *pro rata* share based upon all money coming into his hands for distribution after the happening of the contingency upon which she was to receive her legacy of one thousand dollars or a proportionate share thereof, to wit, after the death of her husband Moses Clark.

*William M. Byrne*, for the respondent Mary Kennedy.

As general legatee, Mary Kennedy is entitled to be paid the amount of her legacy by the executor if the assets in his hands are sufficient; as residuary legatee she may be entitled to more or less according to the amount of the assets.

If a legatee die before the testator's decease, the legacy lapses and is not payable to the executors or administrators of the legatee. 2 *Wms. Exr's.* 496; *Lowndes vs. Cooch*, 87 *Md.* 478, 39 *Atl.* 1045; 1 *Jarm. Wills*, 617; 1 *Roper on Legacies*, 463; *Ballard vs. Ballard*, 18 *Pick.* 41, 42.

An express residuary clause or words' amounting to a residuary disposition of property in a will, in the absence of an express intention to the contrary will convey lapsed legacies as against the claim of the next of kin under the statutes of distribution relating to intestate property. 13 *A. & E. Encyc. L.* 39, 45; *Prescott vs. Prescott,* 7 *Metc.* 141; *In re Benson,* 96 *N. Y.* 499, 509; *Massey's Appeal,* 88 *Pa. St.* 473; *Tindall vs. Tindall,* 24 *N. J. Eq.* 512; *Cox vs. Harris,* 17 *Md.* 23, 31; *Orrick vs. Boehm,* 49 *Md.* 72, 105; *Holbrook vs. McCleary,* 79 *Ind.* 167, 170; *Harker vs. Reilly,* 4 *Del. Ch.* 72, 88; *Thayer vs. Wellington,* 9 *Allen* 283, 295; *In re McKay,* 53 *N. Y. Supp.* 563; *Hitch vs. Patton,* 8 *Houst.* 334.

No particular form of words is necessary to create a good residuary bequest, provided an intent clearly appears to dispose of the residue. 13 *A. & E. Encyc. L.* 46; *Miller's Appeal,* 113 *Pa. St.* 459, 466.

There is a presumption against partial intestacy and the law looks to have the words of the testator carry his whole estate. *Appeal of the Board of Missions,* 91 *Pa. St.* 507, 513; *Schouler on Wills,* sec. 490.

*Anthony Higgins,* for the respondent Ridgway Leedom and other legatees who are all next of kin.

1. Mary Lowndes, as widow of Andrew J. Lowndes and assignee of his children, is not entitled to take an interest under the will because the legacy to her husband by reason of his death prior to that of the testator lapsed and fell into the residuary estate. *Anstruther vs. Chalmer,* 2 *Sim.* 1; 2 *Wms. Ex'rs.* (5th Ed.) secs. 1082–1099.

2. With respect to the claim of Elizabeth C. Clark, the widow of Moses Clark, that she is entitled to participate in the distribution of the funds made by the executor before the death of Moses Clark, it would seem to have been the intention of the testator that she should take only what was in the hands of the executor at the time when the contingency happened upon which she was to take; that is, the death of her husband. Any other construction would have made it necessary that the executor should have retained the sum of one thousand dollars, being the amount of this contingent

legacy, and postponed the distribution of it until either Moses Clark or his wife had died. No such requirement can be inferred from the language used in the will.

3. With respect to the lapsed legacy given by the Tenth Item of the will to Moses Clark for life and at his death to Andrew J. Lowndes, it was clearly the intention of the testator, as indicated by the latter clause of that item, that there should be a general fund for the purposes which are clearly indicated in the last paragraph of Item Fourteen. The language of that item amounts to the creation of a residuary estate into which, under the will as already stated, any lapsed legacy must fall.

If, however, the property is not to be distributed under the will to the legatees *pro rata*, but on the contrary is to be distributed as intestate personal estate, then the time when the intestacy began, or was so created, was the moment that the life tenant of the twenty-one shares of the Commercial and Farmers' Bank Stock died and the heirs who should take under the intestate laws were and are the brothers and sisters of the testator who were alive at the time when the intestacy began, or the children of such brothers and sisters or their children, who take *per stirpes* and not *per capita*.

The case of *Gray vs. Corbit*, 4 *Del. Ch.* 357, 377, cited as being opposed to this argument, is not so in fact, because the questions decided in that case were concerning the proceeds arising out of land.

*Walter C. Rodman* and *Hoffecker & Hoffecker*, for the respondent Elizabeth C. Clark, as legatee, and also administratrix of Moses Clark one of the next of kin of the testator.

First. There can be no doubt that the bequest to Andrew J. Lowndes lapsed. If the legatee dies before the testator the legacy is lapsed and shall sink into the residue. 2 *Black. Com.* 513. A lapse is prevented only when the testator designates the person or persons who are to take by way of survivorship or substitution in case of the death of the donee. 13 *A. & E. Encyc. L.* 34. In England and some parts of the United States there are statutes to prevent lapse, usually where the legatee stands within a certain relationship to the

testator, but there is no such statute in Delaware. Even had there been a clause of substitution, it would not prevent a lapse, Lowndes dying before the testator. *Corbyn vs. French*, 4 *Ves.* 418, 435; *Bone vs. Cook, McClel.* 169, *s. c.* 13 *Price* 332.

Second. What becomes of this lapsed bequest?

At common law, in the absence of a clear intent to the contrary, void and lapsed legacies fall into the residue and pass under the residuary clause, if there is one; if not, to the next of kin. 13 *A. & E. Encyc. L.* 39, 40.

In this will there is no residuary clause. The nearest approach to one is the provision which concludes the direction for the sale of certain property, thus, "should the proceeds of such sales exceed the sum total of such gifts, then I will that such residue or surplus shall be divided among the legatees in like proportion."

It is apparent that the testator is not referring to the residue or undisposed remainder of his estate, but any surplus of the proceeds of sales of his real estate, furniture and National Union Bank stock. He never contemplated the passing of the Commercial Bank stock to anyone but Andrew J. Lowndes, and this lapsed bequest, there being no residuary clause, would pass to the next of kin. The same rule is established by the statutes of Delaware. *Rev. Code* (1893) 678.

In such case those who would share in the fund would be the next of kin at the death of the testator and their personal representatives if they have died since that time. *Gray, Adm'r., vs. Corbit*, 4 *Del. Ch.* 357, 358; *Holloway vs. Holloway*, 5 *Ves.* 399; *Gorbell vs. Davison*, 18 *Beav.* 556; *Star vs. Newberry*, 23 *Beav.* 426; *In re Lang's Will*, 9 *W. R.* 589; *Ware vs. Rowland*, 2 *Ph.* 635; *Doe vs. Lawson*, 3 *East* 278; *Wright vs. Wright*, 16 *Ves.* 188, 193; *Jessop vs. Watson*, 1 *Myl. & K.* 665.

Third. As a legatee, Elizabeth C. Clark, takes her *pro rata* share as a pecuniary legatee of one thousand dollars. The testator makes no distinction between the other legacies and her bequest which is absolute, and by surviving her hus-

band she has fulfilled the only condition annexed. The executor could have set apart Mrs. Clark's share, or, if she had notice of the distribution, she could have obtained an order in Chancery to have a fund set apart to answer the legacy when it became due, even if it were contingent, and was to sink into the residue in case of the legatee's death before the time of distribution. 2 *Wms. Ex'rs. (Ed.* 1895) 712.

Another course open to the executor, which he adopted, was to distribute the whole existing fund, in partial payment of the other legacies, knowing that there was another fund to accrue, out of which Mrs. Clark could have a similar proportion before final distribution among all.

There should be no abatement of Mrs. Clark's legacy beyond that suffered by all the others. The rule that equality is equity, under which legacies abate in equal proportion, should only be withheld where there is an express direction or necessary implication to the contrary. *Rambo vs. Rumer,* 4 *Del. Ch.* 9.

THE CHANCELLOR was of opinion that the legacy of twenty-one shares of the stock of the Commercial and Farmers' National Bank of Baltimore given to Andrew J. Lowndes by the will of Nathan H. Clark, deceased, lapsed at the death of the said Andrew J. Lowndes, which occurred prior to the death of the testator, and that the said Nathan H. Clark died intestate as to said stock; and further that the complainant should be instructed to pay over and deliver the proceeds arising from the sale of said stock and the dividends that have accrued thereon since the death of Moses Clark, to and among the next of kin of the said Nathan H. Clark, deceased, in the manner prescribed by the statutes of this State in cases of persons dying intestate.

He also considered that the legacy to Elizabeth C. Clark, widow of Moses Clark, deceased, was conditioned only upon her surviving her husband and was subject to no other limitation, and that she was, therefore, entitled to a *pro rata* share based upon all money which had come or would come into the hands of the executor for distribution among the legatees

named in the last will and testament of Nathan H. Clark, deceased, after the payment or satisfaction of all specific bequests, whether the same came into his hands for distribution before or since the death of the said Moses Clark.

A decree was entered accordingly, and it was further ordered that the costs of this cause should be paid by the executor out of the funds arising from the sale of the stock of the Commercial and Farmers' National Bank of Baltimore.